## MORTON vs. CHANDLER.

If a judgment debtor, whose land has been taken by extent, pays part of the debt in order to redeem the land, but fails to pay the residue, whereby the land is lost, he cannot recover back the money thus paid.

*Assumpsit* for money had and received. The facts in this case were in substance these.—The plaintiff having been indebted to the defendant, had given him a recognizance for the amount; on which an execution was afterwards issued, which was satisfied by an extent on land. Within the year after the extent, the plaintiff, in order to redeem the land, paid to the defendant a part of the redemption-money; but failed to pay the residue; and now brought this action to recover back the sum thus fruitlessly paid. *Weston J.* before whom the cause was tried, ruled that it was against equity and good conscience for the creditor to retain the money thus paid; and directed the jury to find for the plaintiff; but reserved the point for the consideration of the court.

*Allen,* for the plaintiff, argued that upon principles of natural justice the defendant ought to refund the money, he having received it without the payment of any consideration. And he distinguished this case from that of *Rounds v. Baxter,* 4 *Greenl.* 454, and divers others of that class, which were cases of express contract between the parties; whereas here, the creditor, receiving part of the redemption-money, is merely the depository and trustee of the debtor, holding his money till it shall appear whether the whole will be paid or not. There is no contract between them; and, therefore, no forfeiture of part of the money, by non-payment of the whole. *Keyes v. Stone,* 5 *Mass.* 391.

*R. Williams* and *A. Belcher,* for the defendant, cited *Joyce v. Ryan,* 4 *Greenl.* 101; *Rounds v. Baxter, ib.* 454; *Wallis v. Wallis,* 4 *Mass.* 135; *Dowdle v. Camp,* 12 *Johns,* 451; *Ketcham & al. v. Evertson,* 13 *Johns.* 359; *Holmes v. Avery,* 12 *Mass.* 135; *Bishop v. Little,* 5 *Greenl.* 362; *Kelly v. Beers,* 12 *Mass.* 237; *Williams v.*

*Reed & tr.* 5 *Pick.* 480; *Stark v. Parker,* 2 *Pick.* 267; *Woodward v. Cowen* 13 *Mass.* 216; *Lyon v. Annable,* 4 *Conn. Rep.* 350.

MELLEN C. J. delivered the opinion of the Court at the following *July* term in *Waldo.*

In this case, a new trial is moved for on the ground that the instructions of the judge were incorrect. The land of the plaintiff having been levied upon in satisfaction of an execution in favor of the defendant, the plaintiff paid, within one year, a part of the amount at which it was appraised, with a view of redeeming it; but failed to pay the whole and thus entitle himself to a reconveyance of the land, the title to which became absolute in the defendant. The present action was brought to recover back the sum so paid, and the judge, presiding at the trial, ruled that the action was maintainable, and that it was against equity and good conscience for the defendant to retain it. The question here presented has been settled by this court in the case of *Rounds v. Baxter,* cited in the argument, unless the case of an express contract between two parties, defining their respective rights and liabilities, is to be distinguished from the present case, where the rights and liabilities are defined and established by statute. *Baxter* agreed with *Rounds* to convey to him certain real estate, on payment or security for payment of a certain sum by several instalments at specified days of payment; a partial payment was made by *Rounds,* but he never entitled himself to a deed by performance on his part, and *Baxter* conveyed the land to some other person. *Rounds* not being able to maintain his action on the special contract, claimed to recover back the sums he had paid; but it was decided that he was not entitled to recover. We refer to that case and the authorities there collected. The counsel for the plaintiff has cited no case but *Keyes v. Stone;* and that seems to have little bearing on the subject. He contends that the justice of the case is with the plaintiff, and that he is entitled to recover on the ground of a failure of consideration; the failure, however, is not the consequence of any act on the part of the defendant. The money was voluntary paid, with a knowledge of the law and the facts; and no deception was practised by the defendant. We do not perceive

any difference between the present case, and that of a part payment of a contract, as in the case of *Rounds v. Baxter.* In both, the party paying must have known that a partial payment could give him no claims; none under the contract in one case, and none under the statute in the other. Had there been an express promise to return the money, no question would exist; but as there was none, does the law imply a promise? In *Holmes & al. v. Avery,* the court say, "This was at least a voluntary payment of money by the underwriters; which cannot be recovered back, unless some circumstance of mistake, fraud, or circumvention is proved, as the actuating cause of payment."

The same principle is laid down by *Parsons C. J.* in the case of *Wallis v. Wallis,* and in as strong terms; and many of the other cases cited by the defendant's counsel were decided on the same ground, and recognize the same doctrine. See *Dougl.* 655; *Taylor v. Hare,* 1 *New Rep.* 260; *Gower v. Popkin,* 2 *Starkie's Cases,* 85; 2 *Stark. Evid.* 112, and cases there cited. *Bluett v. Osborn,* 1 *Stark. Cases,* 384.

Suppose a man should mortgage his farm to secure the payment of $500, and that no personal security should be given; and suppose the mortgagor should pay $200 in part of the sum of $500, and then resolve to pay no more; and thereupon the mortgagee should enter for breach, and the estate should not be redeemed; could the mortgagor recover back the $200 on the ground that there was a failure of consideration? The counsel for the plaintiff does not contend for such a principle. In all such cases it is the fault or omission of the person paying, which renders the payment ineffectual, because not sufficient in amount. The very term payment, when voluntary and with full knowledge of facts, excludes the idea of an implied promise to refund. If an infant contracts a debt and when of age pays it, he cannot recover it, under the idea that he was not bound to pay it. So, in the case of payment of a debt barred by the statute of limitations. The person paying, voluntarily parts with his money; and he has no more legal right to recover it back again, than if he had given it to the person *to* whom he paid it;— *volenti non fit injuria.* According to the principles established by

the adjudged cases cited, we are all of opinion that the instructions of the Judge, though evidently delivered to the jury from a sense of the equity of the plaintiff's claim, cannot be sanctioned as correct ; and accordingly the action cannot be sustained.

*Verdict set aside and a new trial granted.*